IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**KATHRYN ANGUS**, individually, and on behalf of all others similarly situated

    Plaintiff,

v.

**L & M HS LLC**;
**L & M OPERATIONS LLC**
**LELAND & MICHAEL HEALTH SERVICES LLC**
**FRANCIS LEGASSE**, individually, and in his official corporate capacity; and
**BRIAN TURNER**, individually, and in his official corporate capacity,

    Defendants.

**COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. § 201, *et seq.***
**(Demand for Jury Trial)**

Plaintiff, Kathryn Angus ("Plaintiff"), individually, and on behalf of all other persons similarly situated who are Companion/Homemakers, Home Health Aides, and Certified Nurse's Aides ("CNAs") employed by Defendants ("Collective Members") (collectively "Plaintiffs"), sues the Defendants, L & M HS LLC; L & M Operations LLC; Leland & Michael Health Services LLC; Francis LeGasse; and Brian Turner (collectively "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiff and other similarly-situated employees all earned overtime wages.

2. Plaintiff and the Collective Members are current and former employees of Defendants. Plaintiff brings this action on behalf of herself and all similarly-situated current and former healthcare providers of Defendants who Defendants misclassified as exempt from overtime under the FLSA or who otherwise were not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

3. The Collective Members are all current and former Companion/Homemakers, Home Health Aides, and Certified Nurse's Aides ("CNAs") who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

4. Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. Defendants failed to pay Plaintiffs one and one-half times their regular rates of pay for all time they spent working in excess of 40 hours in a given workweek. Plaintiffs therefore bring this Collective Action Complaint pursuant to 29 U.S.C. § 216(b) for Defendants' violation of federal law as detailed further below.

## JURISDICTION AND VENUE

5. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Colorado, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## **PARTIES**

8. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

9. Plaintiff is an individual residing in Denver County, Colorado, and is a former employee of Defendants.

10. At all relevant times, Plaintiff was employed by Defendants as a Home Health Aide from approximately October 2017 to approximately May 2018.

11. At all material times, Plaintiff has been paid by Defendants at either an hourly rate of $12.50 or a flat daily rate.

12. At all material times, Plaintiff was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

13. Plaintiff has given her written consent to be a Representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is appended hereto as **Exhibit A**.

14. At all material times, Defendant L & M HS LLC has been a limited liability company duly licensed to transact business in the State of Colorado.

15. Defendant L & M HS LLC does business, has offices, and maintains agents for the transaction of its customary business in Denver County, Colorado.

16. At all material times, Defendant L & M HS LLC is Plaintiff's and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

17. Under the FLSA, Defendant L & M HS LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant L & M HS LLC has had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff and the Collective Members, Defendant L & M HS LLC is subject to liability under the FLSA.

18. At all material times, Defendant L & M Operations LLC has been a limited liability company duly licensed to transact business in the State of Colorado.

19. Defendant L & M Operations LLC does business, has offices, and maintains agents for the transaction of its customary business in Denver County, Colorado.

20. At all material times, Defendant L & M Operations LLC is Plaintiff's and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

21. Under the FLSA, Defendant L & M Operations LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant L & M Operations LLC has had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff and the Collective Members, Defendant L & M Operations LLC is subject to liability under the FLSA.

22. At all material times, Defendant Leland & Michael Health Services LLC has been a limited liability company duly licensed to transact business in the State of Colorado.

23. Defendant Leland & Michael Health Services LLC does business, has offices, and maintains agents for the transaction of its customary business in Denver County, Colorado.

24. At all material times, Defendant Leland & Michael Health Services LLC is Plaintiff's and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

25. Under the FLSA, Defendant Leland & Michael Health Services LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Leland & Michael Health Services LLC has had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff and the Collective Members, Defendant Leland & Michael Health Services LLC is subject to liability under the FLSA.

26. At all material times, Defendant Francis LeGasse is Plaintiff's and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

27. Under the FLSA, Defendant Francis LeGasse is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Francis LeGasse has had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. Having acted in the interest of

Defendants in relation to the company's employees, including Plaintiff, Defendant Francis LeGasse is subject to liability under the FLSA.

28. At all material times, Defendant Brian Turner is Plaintiff's and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

29. Under the FLSA, Defendant Brian Turner is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Brian Turner has had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff, Defendant Brian Turner is subject to liability under the FLSA.

30. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants gave consent to, ratified, and authorized the acts of all other Defendants, as alleged in this Complaint.

31. Defendants, and each of them, are sued in both their individual and corporate capacities.

32. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff and the Collective Members.

33. At all relevant times, Plaintiff and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

34. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

35. At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

36. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' work and wages at all relevant times.

37. At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

38. At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales or receipts of at least $500,000.

39. At all relevant times, all Defendants were horizontal joint employers of Plaintiff and the Collective Members. At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff and the Collective Members; and (2) Defendants were under common control. In any event, at all relevant times, Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b) and employed Plaintiff and the Collective Members.

## **STATEMENT OF FACTS**

40. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

41. Defendants own and/or operate as Sevens Home Care, an enterprise located in Denver County, Colorado.

42. Sevens Home Care is a company headquartered in Denver, Colorado, that offers in-home healthcare services to individuals in need of such services.

43. In October 2017, Plaintiff began her employment with Defendants as a Home Health Aide, performing in-home companionship services for Defendants' clients.

44. In her work for Defendants, Plaintiff's job duties included, but were not limited to, caring for clients in their homes, cooking meals for them, ensuring they took their medications, getting their groceries, helping them with incontinence, changing bedsheets, helping them eat, and bathing them.

45. At all relevant times during her employment, Defendants paid Plaintiff on an hourly basis at a rate of $12.50 or a flat daily rate, regardless of the number of hours she worked in week.

46. Plaintiff regularly worked approximately 50 hours per week in her employment with Defendants. At no time did Plaintiff receive one and one-half times her regular rate of pay for time worked in excess of 40 hours in a given workweek.

47. At times, the hours Plaintiff worked for Defendants substantially exceeded 50 hours in a given workweek. Nonetheless, Defendants did not pay overtime for such time that exceeded 40 hours.

48. At all relevant times, the Collective Members likewise have worked in excess of 40 hours in a given workweek without receiving one and one-half times their regular rates of pay.

49. In their work for Defendants, Plaintiff and the Collective Members were non-exempt employees.

50. In their work for Defendants, Plaintiff and the Collective Members did not have the authority to hire or fire other employees, nor were their suggestions or recommendations as to the hiring, firing, advancement, promotion, or any other change in status of other employees given particular weight.

51. In their work for Defendants, Plaintiff and the Collective Members' primary duty was not the performance of office or non-manual work directly related to the management or general business operations of Defendants' customers.

52. In their work for Defendants, Plaintiff and the Collective Members' primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

53. Defendants engaged in the regular practice of willfully failing to pay Plaintiff and the Collective Members one-and-one-half times their regular rates of pay for all time that they suffered or permitted Plaintiffs to work in excess of forty (40) hours per workweek.

54. As a result of Defendants' willful failure to pay Plaintiff and the Collective Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, Defendants paid Plaintiffs less than the applicable overtime wage rate for such work that Plaintiffs performed in excess of forty (40) hours per workweek.

55. Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiff and the Collective Members to work. As such, Plaintiffs' time records understate the duration of time each workweek that Defendants suffered or permitted Plaintiffs to work.

56. As a result of Defendants' willful failure to compensate Plaintiff and the Collective Members the applicable overtime wage rate for such hours worked, Defendants have violated 29 U.S.C. § 207(a).

57. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff and the Collective Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, would violate federal law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

58. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff and the Collective Members one-and-one-half times their regular rates of pay for all time worked in excess of forty (40) hours per workweek.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

61. Plaintiff asserts those claims on behalf of herself, and on behalf of all similarly situated employees employed by Defendants, who were not paid all compensation required by the FLSA during the relevant time period as a result of Defendants' compensation policies and practices.

62. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as a representative of the similarly situated Collective Members who are current and former Companion/Homemakers, Home Health Aides, and Certified Nurse's Aides ("CNAs") who are not or were not paid one-and-one-half times their regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work, in violation of pursuant to 29 U.S.C. § 207(a), who agree in writing to join this lawsuit seeking recovery under the FLSA.

63. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay and one-and-one-half times Plaintiff and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work.  Plaintiff's claims stated herein are essentially the same as those of the Collective Members.  This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs are identical.

64. Plaintiff and the Collective Members worked more than forty (40) hours in a given workweek without being compensated at a rate equal to one and one-half their regular rates of pay for the hours worked in excess of forty (40) during that workweek.

65. Although Defendants permitted and/or required the Collective Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40) in a given workweek.

66. The Collective Members perform or have performed the same or similar work as Plaintiff.

67. The Collective Members are employees of Defendants.

68. The Collective Members are not exempt from receiving overtime pay.

69. The Collective Members are similar to Plaintiff in terms of job title, job duties, pay structure, and/or the denial of overtime.

70. Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

71. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the Collective Members.

72. The specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

73. All Collective Members, irrespective of their particular job requirements, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

74. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple mathematic formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

75. Plaintiff seeks to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All current and former Companion/Homemakers, Home Health Aides, and Certified Nurse's Aides ("CNAs") who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.**

76. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiff and similarly situated employees' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all such employees employed by Defendants within three years from the filing of this Complaint.

77. Upon information and belief, Defendants have employed more than 100 such employees during the period relevant to this action.

78. The identities of these employees, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

79. Because these similarly situated employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

80. Collective adjudication is appropriate in this case because the employees whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff, have performed work similar to Plaintiff, and have been subject to compensation practices similar to those to which Plaintiff have been subjected.

## COUNT I: FAIR LABOR STANDARDS ACT
## UNPAID OVERTIME

81. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82. At all relevant times, Defendants have required Plaintiff and the Collective Members to perform labor each shift while not clocked in ("off-the-clock"). This practice most commonly, though not exclusively, occurred when Plaintiff and the Collective Members have neared 40 hours worked in a given workweek and ostensibly in order to avoid paying Plaintiff and the Collective Members overtime.

83. During such time, Defendants either did not record, or shaved from records, the time that Plaintiff or the Collective Members worked, and Defendants have not compensated Plaintiff or the Collective Members for such time that they worked.

84. Such a practice by Defendants resulted in Plaintiff and the Collective Members not receiving at least one and one-half times their regular rates of pay for all hours worked in excess of 40 in a given workweek.

85. As a result, Defendants violated the overtime provisions of the FLSA, 29 U.S.C. § 207.

**WHEREFORE**, Plaintiff, Kathryn Angus, on behalf of himself and all other similarly situated persons, respectfully requests that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants for compensation for unpaid overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiffs demand a jury on all issues so triable.

RESPECTFULLY SUBMITTED this October 23, 2019.

BENDAU & BENDAU PLLC

By: *__/s/ Clifford P. Bendau, II__*
Clifford P. Bendau, II
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
chris@bendaulaw.com

THE LAW OFFICES OF SIMON & SIMON

By: *__/s/ James L. Simon__*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com

*Attorneys for Plaintiff*