IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-3032-CMA-NYW

KATHRYN ANGUS, individually, and on behalf of all others similarly situated

    Plaintiff,

v.

L & M HS LLC,
L & M OPERATIONS LLC,
LELAND & MICHAEL HEALTH SERVICES LLC,
FRANCIS LEGASSE, individually, and in his official corporate capacity, and
BRIAN TURNER, individually, and in his official corporate capacity,

    Defendants.
_____

**JOINT STIPULATED MOTION FOR APPROVAL OF PARTIES' NEGOTIATED SETTLEMENT, INCLUDING EXHIBIT FILED UNDER RESTRICTED ACCESS, AND FOR DISMISSAL WITH PREJUDICE**
_____

Plaintiff Kathryn Angus and Defendants L&M HS LLC, L&M Operations LLC, Leland & Michael Health Services LLC, Francis LeGasse, and Brian Turner (collectively, "Defendants"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and other points of law, hereby respectfully submit their Joint Stipulated Motion for Approval of Parties' Negotiated Settlement of This Case and for Dismissal with Prejudice, stating in support as follows:

    1.    The Parties are pleased to report they have negotiated a full and final settlement of the above-captioned lawsuit, consisting of Plaintiff Kathryn Angus's claim for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Counsel for the Parties negotiated the settlement jointly and finalized all

3729868.1

settlement terms as to their respective clients, who have approved all such terms. Negotiations began soon after the filing of the initial Complaint in this matter and recently were concluded on March 19, 2020.

2. The Parties reached settlement of Plaintiff's claim prior to any conditional certification by the District Court of this matter as a collective action, and the Parties withdrew the motion for conditional certification upon filing their Notice of Settlement with the District Court. [*See* ECF 39].

3. In general, FLSA claims brought by individual employees can be settled only with approval of a Court or the U.S. Department of Labor. *See, e.g.*, ***Davis v. Crilly***, 292 F. Supp. 3d 1167, 1170 (D. Colo. 2018); ***Pliego v. Los Arcos Mexican Rests., Inc.***, 313 F.R.D. 117, 127-28 (D. Colo. 2016); *cf.* ***Rakip v. Paradise Awnings Corp.***, 514 F. App'x 917, 919-20 (11th Cir. 2013); ***Lynn's Food Stores v. United States***, 679 F.2d 1350 (11th Cir. 1982).

3. This is a Joint Stipulated Motion. Based on the weight of authority, the Parties jointly seek this Court's approval to effectuate their settlement of this case, which consists of an FLSA claim, and then enter dismissal of this case.

4. Plaintiffs' Complaint in the above-captioned case includes one claim of unpaid overtime under the FLSA. The Parties' Confidential Settlement Agreement and Release is being separately filed under Restricted Access with this Court consistent with and to ensure the confidential nature of the specific settlement terms reached among the Parties.

5. Court approval of FLSA cases should be granted when (a) the settlement is reached as a result of contested litigation, (b) a bona fide dispute exists between the

2

3729868.1

parties, and (c) the settlement is fair and reasonable.  See **Lynn's Food Stores**, 679 F.2d at 1354-55; **Abeyta v. CF&I Steel, L.P.**, 2012 U.S. Dist. LEXIS 126166, at *9-10 (D. Colo. Sept. 5, 2012).  The parties' settlement here meets all three requirements.

6. First, the Parties' negotiated settlement was reached after contested litigation.  See **Lynn Food Stores**, 679 F.2d at 1354 (suit is "contested" when brought by employee against former employer).  Following Plaintiff's filing of her Complaint in the above-captioned case, the Parties engaged in negotiations, during which time the Parties arrived at a settlement of this case, with complete terms to be stated in a Confidential Settlement Agreement and Release.

7. Second, a *bona fide* dispute existed between the Parties.  Plaintiff asserted, during the time of her employment with Defendants, she performed non-exempt work and worked in excess of forty hours each week, which could render her eligible for overtime under the FLSA.  Plaintiff contends the rate of pay for overtime work was $12.50 per hour, and Defendants failed to pay her overtime based on this rate of pay and failed to pay her for all time worked in excess of forty hours per week.  Defendants denied these allegations.  Defendants maintained, by agreement, Leland & Michael Health Services LLC, Plaintiff's employer, paid Plaintiff rates depending on the type of shift Plaintiff worked: (1) live-in shifts were paid on a per shift basis; and (2) hourly shifts were paid on a per hour basis.  For live-in shifts, Plaintiff's rate started at $150 per shift.  For hourly shifts, Plaintiff agreed to be paid an effective hourly pay rate of $12.50 per hour, which was expressly defined in the documents as follows:

3

**Effective Pay Rate**

Caregivers are compensated on an effective pay rate. Caregivers hourly rate is always minimum wage as set by the Colorado Department of Labor. All overtime is based from minimum wage. The effective pay rate is a combination of mileage reimbursement, overtime and minimum wage. At no time is a caregiver's hourly rate less or more th[a]n minimum wage (except in cases of overtime where the rate is 1.5 of minimum wage).

Defendants maintained Plaintiff was paid for all time worked in accordance with applicable law. Defendants maintained Plaintiff was never unlawfully denied overtime wages. Defendants denied any violations of the FLSA.

These issues represented a *bona fide* dispute among the Parties resulting in a mutual compromise settlement by and among the Parties.

8. Third, the settlement is fair and reasonable. A Court will consider an FLSA settlement fair and reasonable when the parties are represented by counsel, the attorneys engage in arms'-length negotiations during litigation, and the parties reasonably compromise in the settlement. See **Lynn's Food Stores**, 679 F.2d at 1354. Public policy favors voluntary settlements of such cases. *Id.* ("[W]e allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation."); **Collins v. Sanderson Farms, Inc.**, 568 F. Supp. 2d 714, 720 (E.D. La. 2008) (when reviewing FLSA settlement for approval, Court "must keep in mind the 'strong presumption' in favor of finding a settlement fair"). The negotiated settlement among the Parties to the above-captioned case easily meets this standard. Counsel for the Parties had numerous settlement discussions and communications after the filing of Plaintiffs' Complaint (beginning at the F.R.C.P. 26(f) meet-and-confer conference), and throughout the pendency of this case, which discussions cumulatively lasted for several

4

months. As reflected in the Confidential Settlement Agreement and Release separately provided to this Court, the Parties reached a compromise settlement requiring all Parties to give in and not to obtain everything they each wanted. Moreover, Plaintiff is represented by attorneys who are experienced in FLSA and employment law matters. In the end, the negotiated settlement here reflects the risks each party would have borne in litigation—though each party believed it would prevail, no party was assured of a victory, and thus a reasonable compromise required all parties to make substantial concessions, which is what occurred here. See **Collins**, 568 F. Supp. 2d at 720 ("[A] settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.").

9. In sum, the three analogous factors necessary for the Court's approval of the settlement between the parties are satisfied here.

WHEREFORE, for all the foregoing reasons, Plaintiff Kathryn Angus and Defendants L&M HS LLC, L&M Operations LLC, Leland & Michael Health Services LLC, Francis LeGasse, and Brian Turner respectfully request this Court approve the settlement attached hereto as **Exhibit A** and filed under "Level 1 Restricted Access," which settlement included the FLSA claim and was reached among the Parties in the above-captioned case, and dismiss this case in its entirety and with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Dated this 1st day of April, 2020.

Respectfully submitted,

s/ Clifford P. Bendau, II (by consent)
Clifford P. Bendau, II, Esq.
Bendau & Bendau PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Phone: (480) 382-5176
cliffordbendau@bendaulaw.com

s/ James L. Simon (by consent)
James L. Simon, Esq.
The Law Offices of Simon & Simon
5000 Rockside Road, Liberty Plaza
Suite 520
Independence, Ohio 44131
Phone: (216) 525-8890
james@bswages.com
**ATTORNEYS FOR PLAINTIFF**

s/ Kendra K. Smith
Kendra K. Smith, Esq.
David B. Gelman, Esq.
Hall & Evans, LLC
1001 17th Street, Suite 300
Denver, Colorado 80202
Phone: (303) 628-3300
smithk@hallevans.com
gelmand@hallevans.com
**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE (CM/ECF)**

      I HEREBY CERTIFY that on the 1st day of April, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Clifford P. Bendau, II, Esq.
Bendau & Bendau PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Phone: (480) 382-5176
cliffordbendau@bendaulaw.com

James L. Simon, Esq.
The Law Offices of Simon & Simon
5000 Rockside Road, Liberty Plaza
Suite 520
Independence, Ohio 44131
Phone: (216) 525-8890
james@bswages.com

*Attorneys for Plaintiff*

                                              s/ Nicole Marion, Legal Assistant at
                                              Hall & Evans, LLC

3729868.1