IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-03032-CMA-NYW

KATHRYN ANGUS, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

L & M OPERATIONS LLC,
LELAND & MICHAEL HEALTH SERVICES LLC,
FRANCIS LEGASSE, individually and in his official corporate capacity, and
BRIAN TURNER, individually and in his official corporate capacity,

    Defendants.

## ORDER APPROVING SETTLEMENT AGREEMENT

This matter is before the Court on the parties' Joint Stipulated Motion for Approval of Parties' Negotiated Settlement, Including Exhibit Filed Under Restricted Access, and for Dismissal With Prejudice (Docs. #42 and #48). For the following reasons, the Court grants the Motion.

### I. BACKGROUND

This case presents a claim for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a). (Doc. # 1, ¶¶ 1-3, 62). Plaintiff, Kathryn Angus, worked as a Home Health Aide for Defendant Leland & Michael Health Services, LLC, a Denver-based company offering in-home healthcare services. (Doc. # 1, ¶ 10; Doc. # 24, ¶ 10). Plaintiff's Complaint alleges that Defendants failed to pay her

all the overtime wages to which she was entitled. (Doc. #1, ¶ 4). Defendants deny any wrongdoing. (Doc. # 24).

Plaintiff initially filed this suit as a putative collective action "on behalf of herself and all similarly-situated current and former [employees] of Defendants who Defendants misclassified as exempt from overtime under the FLSA." (Doc. # 1, ¶ 2). However, Ms. Angus reached a settlement with Defendants before the matter had been certified by this Court as a collective action. (Doc. # 42, ¶ 2). At the time of the settlement, no other individuals had joined the suit as plaintiffs. The parties then withdrew the request for collective-action certification (Doc. # 39).

The parties now seek this Court's approval of the settlement agreement between Ms. Angus and Defendants. The settlement agreement does not purport to bind other of Defendants' employees. (Doc. # 44). Therefore, the Court need not certify this matter as a collective action for settlement purposes. The Court will evaluate the fairness of the settlement only as between Ms. Angus and Defendants.

## II.   LEGAL STANDARD

The Court may approve a settlement agreement in an FLSA action when (1) the settlement is reached as a result of contested litigation; (2) a bona fide dispute exists between the parties; and (3) the settlement is fair and reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Abeyta v. CF&I Steel, L.P.*, 2012 U.S. Dist. LEXIS 126166, at *9-10 (D. Colo. Sept. 5, 2012).

### III.   DISCUSSION

A. Bona Fide Dispute

Parties requesting approval of an FLSA settlement must provide the Court with sufficient information to determine whether a bona fide dispute exists. *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1234 (M.D. Fla. 2010). To meet this obligation, the parties must present: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employee; (3) the employer's reasons for disputing the employee's right to a minimum wage or overtime; (4) the employee's justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 718 (E.D. La. 2008). The mere existence of an adversarial lawsuit is not enough to satisfy the bona fide dispute requirement. *Id.* at 719–20.

The parties describe this case as a dispute over overtime wages. (Doc. # 42, ¶ 7). Defendants operate a home-health-care company "which offers in-home services to elderly patients." (Doc. # 33, ¶ 3). "These services include, but are not limited to, daily living activities, hourly companionship, live-in care, Parkinson's in-home senior services, Alzheimer's/Dementia in-home senior services, hospice care services, assisted living, non-medical home care, and respite care." (Doc. # 33, ¶ 3). Plaintiff "held the position of Caregiver" and "performed job duties that included caring for clients in their homes, cooking meals for them, ensuring they took their medications, getting their groceries, helping them with incontinence, changing bedsheets, helping them eat, and bathing

them." (Doc. # 33, ¶ 3). Plaintiff alleges that she "often spent more than 40 hours, and often upwards of 50 or more hours, per week working for Defendants." (Doc. # 33, ¶ 3). Plaintiff claims that "during the time of her employment with Defendants, she performed non-exempt work and worked in excess of forty hours each week," which, she claims, made her eligible for overtime pay under the FLSA. (Doc. # 42, ¶ 7). Defendants deny this allegation and contend that Plaintiff "was paid for all time worked in accordance with applicable law."  (Doc. # 42, ¶ 7). Based on this information provided by the parties, the Court concludes that this case presents bona fide dispute.

### B. Fair and Reasonable

To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employee and must not frustrate the FLSA policy rationales. *Baker v. Vail Resorts Mgmt. Co.*, Case No. 13-CV-01649-PAB-CBS, 2014 WL 700096, at *2 (D. Colo. Feb. 24, 2014). When determining whether a settlement is fair and reasonable, courts weigh a number of factors, including: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiff's success on the merits and (6) the amount of the settlement in relation to the potential recovery. *Hargrove v. Ryla Teleservices, Inc.*, Case No. 2:11CV344, 2013 WL 1897027, at *2 (E.D. Va. Apr. 12, 2013) (citation omitted).  There is a strong presumption in favor of finding a settlement fair.  *Id.*

The parties to this suit are represented by experienced counsel, and this Court attributes significant weight to counsel's professional judgment that this agreement represents a fair and reasonable settlement of this dispute. Further, the Court finds that this settlement is a product of arms-length negotiations that took place over the course of months. The settlement delivers fair value to Plaintiff, who will receive compensation without the risk, expense, and stress that comes with protracted litigation and trial. There is no evidence of fraud, collusion, or duress, and the settlement amount is fair considering the stage of these proceedings, the complexity of the case, and the likely duration of the litigation. Accordingly, the Court finds that the settlement is fair and reasonable.

### C. Attorney Fees

The FLSA entitles a prevailing plaintiff to recover "a reasonable attorney's fee . . . and costs of the action." 29 U.S.C. § 216(b); *see, e.g.*, *Gray v. Phillips Petrol. Co.*, 971 F.2d 591, 593 (10th Cir. 1992). Though the fee is mandatory, the Court has discretion to determine the amount and reasonableness of the fee. *Wright v. U–Let–Us Skycap Serv., Inc.*, 648 F.Supp. 1216, 1218 (D. Colo. 1986). The Court must consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) in determining the reasonableness of a fee award, including: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by a client or the circumstances; (8) the

amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. "[R]arely are all of the Johnson factors applicable." *Uselton*, 9 F.3d at 854.

The Court previously ordered Plaintiff's counsel to justify the amount of the attorney fee sought in this case. Based on Plaintiff's response (Doc. # 48), the Court concludes that the claimed fee is reasonable in view of the *Johnson* factors. Accordingly, the award of attorney fees and expenses as set forth in the settlement agreement is approved.

## IV.     CONCLUSION

In consideration of the foregoing, the Court ORDERS:

1. The parties' Joint Stipulated Motion for Approval of Parties' Negotiated Settlement (Doc. #42) is GRANTED.
2. The Settlement is APPROVED.
3. All claims of Plaintiff Kathryn Angus are DISMISSED WITH PREJUDICE and the Clerk of the Court is directed to close this case.

This Court retains jurisdiction over these claims for the limited purpose of enforcing the Settlement Agreement. Should an issue arise during the administration of the

Settlement Agreement, including issues related to the completion of payments, the parties may move to reopen the case for resolution of such issues.

DATED: October 26, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge